IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                      ORDER

       v.                      07-cr-32-bbc-01

WILLIAM D. DANIELS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of William D. Daniels' supervised release was held on November 18, 2010, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel, Peter A. Bartelt. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on August 3, 2007, following his conviction for bank fraud, in violation of 18 U.S.C. § 1344. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 60-month term of supervised release to follow, and ordered to pay restitution in the amount of $15,272.90.

Defendant began his term of supervised release on March 20, 2009. From May to July 2010, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime when he defrauded multiple retail stores of 44 computer hard drives, and committed wire fraud when he sold 32 of the hard drives on eBay using his mother's account. On August 11, 2010, defendant violated Standard Condition No. 3, requiring him to answer truthfully all inquiries of the probation officer, when he lied to the probation officer about the number of hard drives he fraudulently obtained and said that he had been unable to sell the hard drives.

Defendant's conduct falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon the finding of a Grade B violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is VI. With a Grade B violation, defendant has an advisory guideline imprisonment range of 21 to 27 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum sentence of imprisonment upon revocation is 36 months because the instant offense was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the maximum statutory range. When defendant violated his supervised release conditions, he was serving both federal and state

supervision. He committed multiple acts over a three-month time frame. The intent of this sentence is to hold defendant accountable for his ongoing, calculating violations and to reflect the seriousness of those violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant William D. Daniels on August 3, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 36 months with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment is stayed until January 4, 2011, when defendant is to report between the hours of noon and 2:00 p.m. to an institution to be designated by further court order. Defendant is subject to the conditions of release imposed on him on November 23, 2010.

Entered this 23d day of November 2010.

BY THE COURT:
/s/

BARBARA B. CRABB

District Judge